EL PUEBLO, DEMANDANTE Y APELANTE, *v.* TURNER, ACUSADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda en causa por infracción al artículo 553 del Código Penal.

No. 1305.—Resuelto en mayo 29, 1919.

ARTÍCULO 553 DEL CÓDIGO PENAL.—La ''Ley para ahorrar luz solar y fijar un tiempo tipo para los Estados Unidos'' aprobada por el Congreso de los Estados Unidos en marzo 19, 1918, no es aplicable a Puerto Rico, pues si bien el artículo 2°. de dicho estatuto hace referencia a cualquiera otra posesión insular de los Estados Unidos, es sólo con el objeto de expresar que la ley es aplicable a los porteadores públicos que trafiquen entre los varios Estados o entre un Estado y cualquiera de los territorios de los Estados Unidos o entre un estado o el territorio de Alaska y cualquiera de las posesiones insulares de los Estados Unidos o cualquier país extranjero. De acuerdo, pues, con la anterior doctrina, no infrinjió el apelado el artículo 553 del Código Penal de Puerto Rico por el hecho de tener abierto su establecimiento comercial a las 6:15 de la tarde del día a que se refiere la denuncia de acuerdo con la ley federal citada, pero a las 5:15 de la tarde de acuerdo con el meridiano 60°.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. S. Mestre, Fiscal.
Abogado del apelado: Sr. J. H. Brown.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El fiscal del distrito de San Juan acusó al apelado en este caso porque el día 16 de abril de 1918 tenía abierto su establecimiento comercial a las 5:15 de la tarde según la hora del meridiano 60°, o sea a las 6:15 de la tarde según la ley aprobada por el Congreso de los Estados Unidos en marzo 19 de 1918 para ahorrar luz solar, infringiendo así el artículo 553 del Código Penal de esta isla que, según fué enmendado por la ley No. 26, aprobada en noviembre 26 de 1917, castiga como delito el hecho de tener abiertos los establecimientos comerciales después de las seis de la tarde.

El fiscal apeló de la resolución de la Corte de Distrito de San Juan, Sección Segunda, que sostuvo la excepción del apelado, fundada en que el hecho que se le imputa no es

constitutivo de delito, y la única cuestión que tenemos que resolver en este recurso es la de si la ley del Congreso de los Estados Unidos antes citada, es aplicable o no a esta isla.

El título de dicha ley es así: "Ley para ahorrar luz solar y para fijar un tiempo tipo para los Estados Unidos;" y en su párrafo primero se declara que "con el propósito de establecer un tiempo tipo de los Estados Unidos, el territorio del continente de los Estados Unidos será dividido en cinco zonas de la manera que más adelante se dispone."

De acuerdo con esas palabras de la ley será aplicable al continente de los Estados Unidos y no lo será, por tanto, a esta isla de Puerto Rico porque no forma parte de dicho continente. La palabra "continental" usadas en la ley significa lo que corresponde al continente o forma parte de él. Esta Isla de Puerto Rico no forma parte del continente de los Estados Unidos geográficamente por estar a muchos cientos de millas del continente de los Estados Unidos.

Aun cuando el apelante expresa en su alegato que tiene serias dudas con respecto a que dada la letra de la ley sea ella de aplicación a esta isla, sin embargo, aduce como argumento único para sostener su recurso que el artículo 2º. de la ley hace referencia a cualquiera otra posesión insular de los Estados Unidos y que como Puerto Rico se halla a los 66º 7' de longitud oeste del meridiano de Greenwich está comprendida esta isla dentro de la zona primera fijada por la ley.

Dicho artículo 2º. si bien menciona las posesiones insulares es sólo con el objeto de expresar que la ley es aplicable a los porteadores públicos que trafiquen entre los varios Estados o entre un Estado y cualquiera de los territorios de los Estados Unidos o entre un estado o el Territorio de Alaska y cualquiera de las posesiones insulares de los Estados Unidos o cualquier país extranjero.

Como no hay en la ley ninguna otra disposición que la haga extensiva a esta isla o de la cual pueda deducirse que

ha de regir aquí, tenemos que declarar que la hora regular de esta isla no es la fijada por dicha ley y, por tanto, que el hecho de tener el apelado abierto su establecimiento comercial a las 6:15 de la tarde del día a que se refiere la denuncia de acuerdo con dicha ley, pero a las 5:15 de ella según el meridiano 60°, no es constitutivo de delito.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.